# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **STACEY LYNN PHILLIPS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0360 |
| | ) | |
| **D. BERKEBILE,** | ) | |
| **Warden, FCI Beckley,** | ) | |
| | ) | |
| Respondent. | ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

On April 13, 2009, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West Virginia,[1] and acting *pro se*, filed his Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to Yazoo FCI, which is located in the Southern District of Mississippi. The Fourth Court has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)).

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Having carefully examined the documents contained in the file and considered the applicable law, the undersigned finds that Petitioner is not entitled to *habeas* relief.

## FACTUAL AND PROCEDURAL HISTORY

On June 8, 2007, Petitioner pled guilty to "Conspiracy to Distribute and Possess with Intent to Distribute Cocaine" in violation of 21 U.S.C. § 846 in the United States District Court for the Eastern District of Tennessee. See United States v. Phillips, 2:07-cr-0017 (E.D.Tenn. Oct. 31, 2007), Document No. 14. On October 31, 2007, Petitioner was sentenced to a 70-month term of imprisonment, to be followed by a three year term of supervised release. Id., Document No. 27. Petitioner did not file a direct appeal.

On September 2, 2008, Petitioner, acting *pro se*, filed in the Eastern District of Tennessee his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Phillips v. United States, Case No. 2:08-cv-00251 and United States v. Phillips, 2:07-cr-0017, Document No. 32. As grounds for *habeas* relief, Petitioner alleged as follows: (1) Ineffective Assistance of Counsel[3] (Document No. 3, pp. 15 - 25.); (2) Petitioner's Fifth and Sixth Amendment Rights were violated when the Court utilized judge found facts to sentence Petitioner to a term of imprisonment exceeding that term authorized by the Indictment and Petitioner's admission (Id., pp. 26 - 42 and Document No. 3-1, pp. 1 - 6.); (3) At sentencing, the Court abused its discretion in apply U.S.S.G. § 541.1 to the facts of the case (Document No. 3-1, pp. 7 - 14.); (4) During the sentencing hearing, the Court utilized incorrect facts to determine and justify the sentence imposed (Id., pp. 15 -

---

[3] Petitioner alleges that he received ineffective assistance of counsel during the plea process, the indictment process, and the sentencing process. (Document No. 3, pp. 15 - 25.) Petitioner also claims that counsel was ineffective in his failure to appeal. (*Id.*, p. 25.)

2

17.); and (5) The Court failed to individualize Petitioner's sentence by failing to consider all the factors set out in 18 U.S.C. § 3553(a), thereby abusing its discretion at sentencing (Id., pp. 18 - 27.) On October 30, 2008, the United States filed its Response to Petitioner's Motion. United States v. Phillips, 2:07-cr-0017, Document No. 35. On November 17, 2008, Petitioner filed his Reply to the United States' Response. Id., Document No. 37. Petitioner filed a Motion for Emergency Hearing on February 9, 2009. Id., Document No. 38. The District Court denied Petitioner's Motion on February 25, 2009. Id., Document No. 39.

On April 14, 2009, Petitioner filed the instant Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) Petitioner challenges Respondent's failure to timely enroll Petitioner in the Residential Drug Abuse Treatment Program [RDAP]. (Id.) Petitioner states that he applied for entry into RDAP, was interviewed by RDAP staff, and subsequently denied entry into the program. (Id., pp. 4 - 5.) Petitioner argues that he is entitled to RDAP placement based upon his plea agreement. (Id., pp. 8 - 11.) Specifically, Petitioner states as follows:

> The United States induced Petitioner to accept the plea contract proffered by the United States Attorney's Office by offering specific consideration, including early release should Petitioner successfully complete the BOP's RDAP program. The BOP is bound by the government's contractual promise, and therefore must admit Petitioner to RDAP.

(Id., p. 8.) Petitioner contends that "[a]t relevance here is the prosecutor's contractual promise that if Petitioner successfully completed the Bureau's RDAP program, he would receive a 12-month sentence reduction pursuant to 18 U.S.C. § 3621(e), reducing his sentence to 42 months." (Id., pp. 8 - 9.) Petitioner asserts that "[i]mplied in that promise is that Petitioner would be given the opportunity to successfully complete RDAP by being admitted to the program." (Id., p. 9.) Petitioner argues that

3

"a criminal defendant has a constitutional right to the enforcement of a plea bargain." (Id.) Petitioner claims "the Bureau's denial of Petitioner's entry to RDAP breached the government's agreement with Petitioner." (Id., p. 11.) Petitioner further contends that Bureau is denying his placement in RDAP based upon the Presentence Report, which contains incorrect information and numerous errors.[4] (Id., pp. 11 - 16.) Specifically, Petitioner asserts that the "preparation of the PSR was done sloppily." (Id., p. 13.) Petitioner, therefore, requests that the Court order "specific performance or withdrawal of the plea." (Id., pp. 11 and 16.)

## ANALYSIS

### 1. Petitioner's claim that he is entitled to early release:

*Habeas* relief under 28 U.S.C. § 2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law," the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

---

[4] Petitioner contends RDAP staff determined that Petitioner "had no documented evidence of substance abuse" based upon Petitioner's Presentence Report, which contained incorrect information. (Document No. 2.)

4

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(*quoting* Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these

5

conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez v. Davis, 531 U.S. 230, 232, 121 S.Ct. 714, 718, 148 L.Ed.2d 635 (2001). The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[5] See Lopez v. Davis, 531 U.S. 230, 240, 121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001)(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an

---

[5] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner asserts that he possesses a constitutionally protected expectation interest in receiving the one-year sentence reduction as provided for in 18 U.S.C. § 3621(e).[6] In support of his claim, Petitioner appears to rely upon the principles of promissory or equitable estoppel. Petitioner's subjective expectation, however, does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice –

---

[6] Petitioner contends that he has an expectation interest in early release based upon his plea agreement. Based upon a review of the plea agreement, the undersigned finds that the plea agreement is void of any language regarding Petitioner's placement in RDAP. Additionally, the plea agreement states as follows:

> This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agreement that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

*United States v. Phillips,* 2:07-cr-0017 (E.D.Tenn. Oct. 31, 2007), Document No. 14.

is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither § 3621(e), the BOP's Program Statements (P.S. 5162.02 and 5330.10), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[7] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Furthermore, FCI Beckley's failure to immediately enroll Petitioner in RDAP does not constitute an "atypical and significant hardship" on Petitioner in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. at 482, 115 S.Ct. at 2299; Franklin v. District of Columbia, 163 F.3d 625, 634-35 (D.C. Cir. 1998)(Issues of housing and transfers are issues which occur within the "day-to-day management of prisons."); see Marshall v. United States, 414 U.S. 417 (1974)(federal prisoners have no constitutional right to rehabilitation). Because nothing in the record indicates that Petitioner's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship, the undersigned finds that Petitioner has failed to demonstrate a due process violation. Accordingly, Petitioner does not possess a constitutionally protected interest in early release. For these reasons, the undersigned finds that Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus must be denied.

---

[7] Even if Petitioner completes the RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

## 2. **Petitioner's claim challenging his Plea Agreement and Presentence Report**:

Next, Petitioner alleges that government violated the terms and conditions of his plea agreement by failing to ensure his placement in RDAP. Therefore, Petitioner requests that this Court invalidate his plea agreement. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).[8] The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

---

[8] As a general matter, issues arising out of the allegedly unlawful or incorrect computation of an inmate's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241.

The undersigned finds that Petitioner's claim challenging his plea agreement is properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of Tennessee. Therefore, Petitioner's Application must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Tennessee. The undersigned notes that Petitioner currently has a Section 2255 Petition pending in the Eastern District of Tennessee in which he challenges his plea agreement and the contents of his presence report. Phillips v. United States, Case No. 2:08-cv-0251; Document No. 3, pp. 15 - 26. Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Rather, Petitioner fails to allege any legal or factual basis as to how Section 2255 is ineffective or inadequate. The undersigned further notes that even if the Eastern District of Tennessee denies Petitioner *habeas* relief, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that

provision. Accordingly, the undersigned recommends that Petitioner's Petition be dismissed.

Finally, the undersigned notes that, construed as a Section 2255 Application, Petitioner's April 13, 2009, Section 2241 Application filed in this case is successive in view of his September 2, 2008, Section 2255 Application filed in the United States District Court for the Eastern District of Tennessee.[9] Without the certification of the appropriate Circuit Court of Appeals, Petitioner's Application may not be considered. It further appears that Petitioner's instant Petition was filed more than one year after his October 31, 2007, conviction and sentence became final.[10] Petitioner is barred

---

[9] In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which, among other things, established procedural requirements for the filing of second or successive Section 2255 motions. Section 2255 requires by reference to 28 U.S.C. § 2244 that a person seeking to file a second or successive first receive permission to do so from the appropriate Circuit Court of Appeals. The Court of Appeals may authorize the filing of a second or successive Section 2255 motion if the motion is based upon "(1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255 and 2244(b)(2)(A).

[10] Since Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 has contained a one year limitation period as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

by application of the Section 2255 period of limitations from proceeding upon his claims herein. The undersigned concludes in view of these circumstances that the issues raised in this matter are not sufficiently meritorious and Petitioner would in any event be procedurally barred if this case were transferred to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1631. See Wilson v. Williamson, 2006 WL 218203, * 2 (S.D.W.Va.)(Chief Judge Faber presiding). Transfer of this matter is not in order. Rather, this matter should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 1, 2010.

R. Clarke VanDervort
United States Magistrate Judge